UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **OCIE CARLISLE**, | ) |
| | ) |
| | ) CASE NO. 4:20CV1023 HEA |
| | ) |
| **EMERSON ELECTRIC CO** | ) |
| | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Stay, [Doc. No. 8]. Plaintiffs oppose the Motion. For the reasons set forth below, the Motion will be granted.

This is a putative class action case on behalf of all persons and entities who purchase Defendant's RIGID brand wet/dry vacuums for breach of express warranty, breach of implied warranty, unjust enrichment, violations of consumer protection laws in various states for subclasses of plaintiffs.

**Facts and Background**

Plaintiffs allege defendant misled the public, including plaintiffs, into purchasing or paying more for defendant's product, the RIGID wet/dry vacuum, that did not perform as expressly and impliedly marketed through a national and uniform advertising campaign. The marketing was based on the stated wet/dry vacuum's "Peak HP." Plaintiffs allege the vacuum cannot attain the advertised horsepower in a standard, household electrical wall outlet.

In 2012, Plaintiffs Jeff Hale, et al. filed several separate actions against Emerson arising under the laws of five different states. Later in 2012, the Judicial Panel for Multidistrict Litigation consolidated the cases under 28 U.S.C. § 1407 and transferred them to this Court for pretrial proceedings.

The original plaintiffs sought to certify a nationwide class under the Missouri Merchandising Practices Act (MMPA), based solely on the Missouri location of Emerson's headquarters.

Plaintiffs in the multidistrict case sought certification under Missouri law, or alternatively with subclasses for the different home states of the various plaintiffs. This Court granted the Motion to Certify, finding Missouri law applied to the class. Defendants appealed this certification. On November 1, 2019, the Eighth Circuit Court of Appeals reversed the certification and remanded the matter.

Plaintiffs in this case moved to amend their complaint to add 28 new plaintiffs from 20 different states. The motion was denied, and the Plaintiffs thereafter filed this action. Defendant now moves to stay the case pending the resolution of the 2012 multidistrict case.

## Discussion

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). It has been "long recognized that a

2

district court possesses inherent powers that are 'governed not by rule or statute but by control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also *Contracting Nw, Inc. v. City of Fredricksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (noting that district courts have "inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). In evaluating a potential stay, the Court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255, 57 S.Ct. 163.

In determining whether a stay is appropriate under the circumstances, the Court should consider three factors: "(1) potential prejudice to the nonmoving party; (2) hardship and inequity to the moving party if the action is not stayed; and

(3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Witherspoon v. Bayer Healthcare Pharmaceuticals, Inc*., 2013 WL 6069011, at *2 (E.D. Mo. Nov. 18, 2013) (quoting *Rivers*, 980 F.Supp. at 1360).

Defendant seeks the stay to allow the 9 year old multidistrict case to proceed without having Plaintiffs seek to consolidate this case with the multidistrict case, arguing that this tactic is an end run around the Court's Order denying leave to amend. Plaintiffs urge denial of the motion arguing that a stay does nothing for Defendant except delay the eventual reckoning on the merits but denies Plaintiffs an opportunity to coordinate discovery with the multidistrict case, since the lawyers are the same.

The Court agrees with Defendant that a stay is appropriate. Judicial economy will be served in allowing the older case to proceed.  The findings and conclusions reached in the 2012 case may materially resolve this case.  Plaintiffs will not be prejudiced by entry of the stay.  The case remains pending, however, the issues in the original case can proceed without the need for delving further into state laws. Any discovery obtained in the older case can be utilized in this case, thereby reducing the amount of common discovery in this case and allowing the parties to focus on the state laws in this case.  This serves the judicial economy factor as well. The hardship on Defendant if the stay is not entered is evident.

Defendant fought and won to deny a nationwide class action based on Missouri. Defendant should have the benefit of its win in this case without having to address the twenty separate state laws that Plaintiffs are seeking to inject into the original 2012 multidistrict action.

## Conclusion

Based upon the Court's inherent power, the Court will exercise its discretion and grant the stay.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Stay, [Doc. No. 8], is granted.

**IT IS FURTHER ORDERED** that this matter is STAYED until the resolution of 12md2382 HEA.

Dated this 4th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE